UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------- | x | |
| In re: | : | Case No. 14-70004-cec |
| | : | Case No. 14-41669-cec |
| RAMON NINA, | : | |
| | : | (Chapter 13) |
|                 Debtor. | : | |
| ------------------------------------------------------- | x | |
| In re: | : | |
| | : | Case No. 14-70005-cec |
| LORI CANNAN, | : | |
| | : | (Chapter 13) |
|                 Debtor. | : | |
| ------------------------------------------------------- | x | |
| In re: | : | |
| | : | Case No. 14-70027-cec |
| WALTER L. TURNER, | : | |
| | : | (Chapter 13) |
|                 Debtor. | : | |
| ------------------------------------------------------- | x | |
| In re: | : | |
| | : | Case No. 14-70028-cec |
| JEFFREY B. ALEXANDER, | : | |
| | : | (Chapter 13) |
|                 Debtor. | : | |
| ------------------------------------------------------- | x | |
| In re: | : | |
| | : | Case No. 14-40074-cec |
| DIANE E. WILLIAMS, | : | |
| | : | (Chapter 13) |
|                 Debtor. | : | |
| ------------------------------------------------------- | x | |
| In re: | : | |
| | : | Case No. 14-40076-cec |
| INEZ R. TURRIETTA, | : | |
| | : | (Chapter 13) |
|                 Debtor. | : | |
| ------------------------------------------------------- | x | |
| In re: | : | |
| | : | Case No. 14-40147-cec |
| TAMARA D. JACKSON-BALL, | : | |
| | : | (Chapter 13) |
|                 Debtor. | : | |
| ------------------------------------------------------- | x | |

Amended Memorandum of Law in Support of the United States Trustee's Motion
for Summary Judgment on his Complaint against MVP Home Solutions LLC,
Silverstein & Wolf Corp., Marcus A. Mullings, Amal Balmacoon, and John Nelson

```
------------------------------------------------------  x
In re:                                                  :
                                                        :  Case No. 14-40184-cec
SORIE DUMBUYA,                                          :
                                                        :  (Chapter 13)
                    Debtor.                             :
------------------------------------------------------  x
In re:                                                  :
                                                        :  Case No. 14-40284-cec
NEKISHA E. ADEKOYA,                                     :
                                                        :  (Chapter 13)
                    Debtor.                             :
------------------------------------------------------  x
In re:                                                  :
                                                        :  Case No. 14-40516-cec
ADRIAN D. BLACKWELL,                                    :
                                                        :  (Chapter 13)
                    Debtor.                             :
------------------------------------------------------  x
In re:                                                  :
                                                        :  Case No. 14-40567-cec
ROBERT Q. WHITE,                                        :
                                                        :  (Chapter 13)
                    Debtor.                             :
------------------------------------------------------  x
In re:                                                  :
                                                        :  Case No. 14-41071-cec
BOBBY D. BLEVINS,                                       :
                                                        :  (Chapter 13)
                    Debtor.                             :
------------------------------------------------------  x
In re:                                                  :
                                                        :  Case No. 14-41073-cec
DEBORAH SMITH                                           :
                                                        :  (Chapter 13)
                    Debtor.                             :
------------------------------------------------------  x
In re:                                                  :
                                                        :  Case No. 14-41116-cec
JOSE G. HIGUERA,                                        :
                                                        :  (Chapter 13)
                    Debtor.                             :
------------------------------------------------------  x
```

```
------------------------------------------------------ x
In re:                                                 :
                                                       : Case No. 14-41117-cec
MARCUS W. MULLINGS,                                    :
                                                       : (Chapter 13)
                          Debtor.                      :
------------------------------------------------------ x
In re:                                                 :
                                                       : Case No. 14-41118-cec
SHERMAINE DONADELLE-MOORE,                             :
                                                       : (Chapter 13)
                          Debtor.                      :
------------------------------------------------------ x
In re:                                                 :
                                                       : Case No. 14-41214-cec
DAVID T. ZULLO,                                        :
                                                       : (Chapter 13)
                          Debtor.                      :
------------------------------------------------------ x
In re:                                                 :
                                                       : Case No. 14-41215-cec
CECILIA U. OQUENDO,                                    :
                                                       : (Chapter 13)
                          Debtor.                      :
------------------------------------------------------ x
In re:                                                 :
                                                       : Case No. 14-41292-cec
GLENN NORMAN ROSS,                                     :
                                                       : (Chapter 13)
                          Debtor.                      :
------------------------------------------------------ x
In re:                                                 :
                                                       : Case No. 14-41446-cec
ARETHA C. JOHNSON,                                     :
                                                       : (Chapter 13)
                          Debtor.                      :
------------------------------------------------------ x
                                                       :
In re:                                                 : Case No. 14-41447-cec
                                                       :
GIL LAMAAR COLEY,                                      : (Chapter 13)
                                                       :
                          Debtor.                      :
------------------------------------------------------ x
```

------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-41448-cec
REGINA B. WESTBROOK,                                    :
                                                        : (Chapter 13)
                Debtor.                :
------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-41584-cec
DEBORAH J. LOFFER,                                      :
                                                        : (Chapter 13)
                Debtor.                :
------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-41585-cec
NATASHA CORREA,                                         :
                                                        : (Chapter 13)
                Debtor.                :
------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-41671-cec
DWAYNE C. SMITH,                                        :
                                                        : (Chapter 13)
                Debtor.                :
------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-41749-cec
ALLAN JAMES,                                            :
                                                        : (Chapter 13)
                Debtor.                :
------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-40703-cec
BOBBY BAILEY,                                           :
                                                        : (Chapter 13)
                Debtor.                :
                                                        :
------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-41747-cec
PARAMESVARM APPUTHURAI,                                 :
                                                        : (Chapter 13)
                Debtor.                :
------------------------------------------------------- x

```
------------------------------------------------- x
In re:                                            :
                                                  :  Case No. 14-41699-cec
LILIA RAMIREZ,                                    :
                                                  :  (Chapter 13)
                    Debtor.                       :
------------------------------------------------- x
WILLIAM K. HARRINGTON, UNITED                     :  Adv. Pro. Nos. 15-08230-cec
STATES TRUSTEE, REGION 2,                         :                 15-08231-cec
                                                  :                 15-08233-cec
                    Plaintiff,                    :                 15-08234-cec
                                                  :                 15-01100-cec
vs.                                               :                 15-01101-cec
                                                  :                 15-01102-cec
MVP HOME SOLUTIONS, LLC, a New                    :                 15-01103-cec
Jersey limited liability company;                 :                 15-01104-cec
SILVERSTEIN & WOLF CORP., a New                   :                 15-01106-cec
York corporation; BOLDEN PINNACLE                 :                 15-01107-cec
GROUP CORP., a New York corporation;              :                 15-01108-cec
FREE CALM & GROWING, a New York                   :                 15-01109-cec
sole proprietorship; MARCUS A.                    :                 15-01110-cec
MULLINGS, individually, and as founder and        :                 15-01111-cec
sole member of MVP Home Solutions, LLC;           :                 15-01112-cec
AMAL M. BALMACOON, a/k/a MARTIN                   :                 15-01113-cec
BALMACOON, individually, as chief                 :                 15-01114-cec
executive officer and sole shareholder of         :                 15-01115-cec
Silverstein & Wolf Corp., and as sole             :                 15-01116-cec
shareholder and owner of Bolden Pinnacle          :                 15-01117-cec
Group Corp.; JOHN NELSON, individually,           :                 15-01118-cec
and as an agent for Silverstein & Wolf Corp.;     :                 15-01119-cec
DESSALINES SEALY, individually, as sole           :                 15-01120-cec
proprietor of Free, Calm & Growing, and as        :                 15-01121-cec
agent for Bolden Pinnacle Group Corp.,            :                 15-01122-cec
                                                  :                 15-01123-cec
                    Defendants.                   :                 15-01124-cec
------------------------------------------------- x                 15-01125-cec
```

**AMENDED MEMORANDUM OF LAW[1] IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON HIS COMPLAINT AGAINST MVP HOME SOLUTIONS LLC, SILVERSTEIN & WOLF CORP., MARCUS A. MULLINGS, AMAL BALMACOON, AND JOHN NELSON[2]**

---

[1] The amendment addresses only non-substantive errors, omissions, and formatting.

[2] The United States Trustee Intends to seek dismissal of all claims against Bolden Pinnacle Group Corp. and Dessalines Sealy d.b.a. Free, Calm, and Growing by stipulation or motion under Federal Rule Civil Procedure 41.

## I.  INTRODUCTION

Between January and April 24, 2014, Defendants MVP Home Solutions, LLC ("MVP"), Marcus M. Mullings ("Mr. Mullings"), MVP's principal, Silverstein & Wolf Corp. ("S&W"), Amal Balmacoon ("Mr. Balmacoon"), S&W's principal, and John Nelson ("Mr. Nelson"), a paralegal and independent contractor for S&W, prepared, executed, and/or filed thirty handwritten, skeletal chapter 13 petitions (the "Petitions"), in the names of twenty-nine debtors (the "Debtors"), in this Court.  A list of the chapter 13 cases (the "Cases") and the Petitions are attached to the Declaration of Janease Clarke-Oliver (the "Clarke-Oliver Declaration") as Exhibit 1.

There are no genuine issues to be tried under Federal Rule of Civil Procedure 56 and the United States Trustee is entitled to a judgment as a matter of law.  Based on the undisputed facts of the Cases, the Defendants acted as Bankruptcy Petition Preparers and violated numerous requirements forth in 11 U.S.C. § 110 -- Penalty for persons who negligently or fraudulent bankruptcy petitions, including Sections 110(b), (d), (e)(1), (f), (g), and (h)(2).  They also engaged in fraudulent, unfair and deceptive acts, under 11 U.S.C. § 110(i), by filing the Petitions solely to stay foreclosure, filing the Petitions without prior notice to the Debtors, essentially forging the Debtors' signatures on the Petitions, and abusing the bankruptcy system.

The United States Trustee, therefore, requests that the Court direct the forfeiture of all fees the Defendants received from the Debtors under 11 U.S.C. § 110(h)(3)(A) and (B), for violations of 11 U.S.C. §§ 110(b), (c), (d), (e)(1), (f), (g), and (h)(2), and impose treble fines for each violation, as set forth in 11 U.S.C. §§ 110(l)(1).  The Court should also enjoin the Defendants from acting as bankruptcy petition preparers, under 11 U.S.C. § 110(j)(1), because of their fraudulent, unfair, and deceptive acts.

**II.    Facts**

   **A.    The Parties**

Defendant MVP Home Solutions, LLC ("MVP") is a limited liability company formed under the laws of New Jersey. Tr.I 13:1-25; and Ex. 2.[1] MVP provides foreclosure rescue services to distressed homeowners, including preparing and filing chapter 13 petitions to stay foreclosure sales. Tr.I 28:3-25; 29:2-11; 38:2-11. Mr. Mullings is an officer and Acquisitions Director of MVP and he oversees MVP's daily operations. Tr.I 13:8-25; 14:1-25;15:1-9; 25:11-22. He is not an attorney and MVP is not a law firm. Tr.I 12:1-17; 23:3-11.

Defendant Silverstein & Wolf Corp. ("S&W") is a corporation formed under the laws of New York. Tr.III 13:9-11; and Ex. 3. S&W is engaged real estate investing and it also worked with MVP to prepare and file the Petitions. Tr.III 13:9-11. Mr. Balmacoon is the CEO and sole shareholder of S&W. Tr.III 12:25; 13:1-11. Mr. Nelson is a paralegal and an independent contractor for S&W. Tr.V 13:8-25: 14:2-3. Mr. Balmacoon is not a lawyer and S&W is not a law firm. Tr.III 12:12-25.

   **B.    MVP's Programs for Distressed Homeowners**

MVP offers two programs to its Clients: (1) Stay in or Walk Away and (2) Stop the Sale Date, also known as Stop the Sheriff Sale ("Stop the Sale Date"). Exhibit 8

**Stay in or Walk Away**

In Stay in or Walk Away, the first step is for the distressed homeowner to quitclaim his or her residence to MVP for consideration of $10.00. The distressed homeowner then has a choice of staying in the residence and renting it from MVP or walking away, leaving MVP as the new

---

[1]The record contains citations to five depositions: (1) the Depositions of Marcus Mullings held on May 1, and June 16, 2015 ("Tr.I" and "Tr.II," respectively); (2) the Depositions of Amal M. Balmacoon, held on January 23, and June 5, 2015 ("Tr.III" and "Tr.IV," respectively; and (3) the Deposition of John Nelson, held on December 18, 2015 ("Tr.V"). Page and line numbers are cited as [page number]:[line numbers]. The transcripts and exhibits cited are attached to the Declaration of Janease Clarke-Oliver, filed with the Motion.

2

owner.  MVP then negotiates to purchase the homeowner's mortgage note at a discount using funds from investors.  MVP does not pay real property taxes, insurance and other expenses during negotiations with the lender.  If the lender files a foreclosure action, MVP states that "[a]s a matter of practice, we routinely stop/postpone/cancel these foreclosure sale dates . . . ."  If the distressed homeowner stays in the home and MVP is able to purchase the note, MVP or the investor becomes the new lender and provides the homeowner with a new mortgage loan after the homeowner has paid rent to MVP for a year.  If the homeowner walks away, MVP resells the residence in hopes of making a profit.  MVP has not completed any note purchases and does not have any investor funds on hand.  None of the Debtors participated in Stay In or Walk Away.

### Stop the Sale Date

Stop the Sale Date began in or about January 2015 when MVP and Mullings began working with S&W and Balmacoon.  In a brochure provided to potential clients, MVP and S&W promise that Stop the Sale Date will allow the homeowner "to keep a foreclosure sale at bay for up to 5-6 years."  Exhibit 8.

In addition, the brochure provides that:

> Our "Stop the Sale Date Program" is handled by our experienced legal team.  We start off by initiating a Chapter 13 bankruptcy and then dismissing it after 72 hours.  Our attorney utilize [*sic*] the Chapter 13 within that 72 hour period to get an automatic stay.  An automatic stay is what you need to stop the sale date.

*Id.*  Thereafter, according to the brochure, the "legal team" analyzes the property and defenses to foreclosure, which will delay foreclosure for up to a year, and then "go[es] into some type of forensic or secruitization [*sic*] audit to get more leverage and more time for your case."  *Id.*

The brochure also promises that

> After those initiatives have been put into play and have been exhausted. [*sic*]  Our legal team will target all of the federal mandates and initiatives that have put into place [*sic*] to protect the homeowner and to give the homeowner a fair chance to keep their home.  So our attorneys may start one of several things that a lender must offer to the homeowner such as possible loan modification, a short sale, a ability [*sic*] for the homeowner to get financing and other programs started by the federal government. . . . **With all of the systems in place our legal team will be able to keep a foreclosure sale at bay for up to 5-6 years.**

*Id*. (emphasis added).

### C.   The Consulting Service Agreement between MVP and S&W

On December 10, 2013, MVP and S&W executed an agreement under which S&W agreed to stay foreclosure sales for MVP's clients by filing skeletal chapter 13 petitions (the "Consulting Service Agreement").  Exhibit 4.  S&W's services to MVP included:

> -Stay on all mortgages for a period of 5-6 years on each property submitted by Client.
>
> -The Consultant will used [*sic*] different procedures to obtain the stay for the duration of time mentioned above, some or [*sic*] the procedures will include but not limited to for example, qualify [*sic*] written request, order show cause [*sic*], short sale, factor [*sic*].
>
> -Stop any and all foreclosure sales and/or legal proceedings of client's [*sic*] current and future prospects Client provides.
>
> -Sheriff sale can or will be stopped by administrative or judicial actives [*sic*].
> -Many sales can and will be stopped only by way of Skeletal [*sic*] bankruptcy or (Filing of Chapter 13)[.]
>
> -The filing of a bankruptcy petition instantly triggers an automatic stay on execution that supersedes local and state authority.  In all cases, the time frame is most decisive. . . .
>
> -Filing of a bankruptcy to stop the sheriff sale in most cases will never affect the owner credit [*sic*], the filing is done in a three part step just to stop the sale and then remove within 3-4 days after so the dismisses [*sic*] for affecting the owner's credit.

*Id*. at 1.  Under the agreement, MVP agreed to pay S&W $1,850.00 per Client ($400.00 up front and $200.00 per month thereafter.  *Id*.

4

### D. The Stop the Sale Date Contracts Between the Debtors and MVP

In connection with Stop the Sale Date, the Debtors entered into an agreement with MVP (the "MVP Service Agreement"), which describes Stop the Sale Date services as follows:

> MVP will implement by way of educational and Services purposes all of its skill, knowledge and judgment to provide education regarding current market and financial conditions. Such market and financial conditions may cover a wide spectrum including real estate, lending practices, foreclosure procedure, with particular emphasis on trustee state guided foreclosure processes, bankruptcy, and asset protection as well as personal financial planning. Service may come by way of numerous avenues including but not limited to: seminars, webinars, videos, one on one instruction, instruction by telephone conference, and similar educational avenues. Educational service and recommended strategies may include 3rd party costs to be paid to additional professionals including attorneys, real estate agents, financial planners, as well as state and federal government agencies. Such fees and costs will always be disclosed with regards to MVP's educational services and strategies.

Exhibit 5, § 2.1

Under the MVP Service Agreement, the Debtors agreed to pay for Stop the Sale Date for at least four months ($1,095.00 due on signing of the Service Agreement and $995.00 per month thereafter). *Id.*, § 2.2. The Service Agreement also provides that the Debtors would continue to receive Stop the Sale Date services so long as they remained current on their monthly payments. *Id*. MVP guaranteed that it would make "a full and complete effort to implement the Stop the Sale Date as described to the client. MVP will perform all necessary actions and facilitate legal activities to position the Clients' Property so that legally the Foreclosure Sale by Law [*sic*] should be stopped."

The Debtors also executed a "Borrower Authorization," which provides, in part, that

> **MY DESIGNATED AGENT IN FACT IS MVP HOME SOLUTIONS, LLC. I AUTHORIZE SAID DESIGNEE(S) TO DO WHATEVER IS REASONABLY AND LEGALLY POSSIBLE TO AVOID FORECLOSURE OR OTHERWISE HELP TO RENEGOTIATE MY LOAN WITH MY LENDER, WHETHER MY LOAN IS CURRENT OR DELINQUENT, DUE TO THE HARDSHIP THAT I AM EXPERIENCING.**

Exhibit 6, at 1 (emphasis in original.)

MVP, S&W, Mr. Balmacoon, Mr. Mullings and Mr. Nelson claim that this provision gave them the Debtors' authority to file the Petitions. Tr.I 87:2-25; 88:2-6, 13-25; 89:2-15; 90:2-25; 91:2-25; 92:2-25; Tr.II 19:3-25; Tr.III 23:16-23; 37:3-24; Tr.V 22:25; 23:2-6; 25:6-14; 28:7-17; 34:21-25; 35:2-15; 37:3-24; Ex. 6.

### E.   The Petitions

In or about December 2013, MVP began recruiting Clients for Stop the Sale Date through its nationwide network of Affiliates. Tr.I 65:17-25; 93:13-25. Between January 2, 2014 and April 10, 2014, MVP recruited the Debtors and referred them to S&W for Stop the Sale Date. Tr.I 35:10-25. The Debtors were clients of MVP and signed Service Agreements and Borrower Authorizations. Tr.I 35-10-25; 145:15-18; Tr.II 17:22-25; 18:2-9; 20:22-25; 28:20-25; 29:2-24; 30:2-3; Exhibits 5 and 6. MVP made the referrals directly to Mr. Balmacoon and provided him with the MVP Authorization for each Debtor. Tr.I 82:6-25; 83:9-25; 102:9-13; Tr.III 23:16-25; 24:8-19. Mr. Balmacoon forwarded the referral and documents to Mr. Nelson, as an independent contractor for S&W, to prepare and file the Petitions. Tr.III 17:15-25; 18:1-15; 19:12-23; Tr.V 21:7-12. No one, including Mr. Mullings, Mr. Balmacoon or Mr. Nelson contacted the Debtors prior to preparing and filing the Petitions. Tr.I 141:9-25; 142:2-25; 143:25; 144:2-25; 145:2-25; Tr.II 20:17-21; Tr.III 29:14-25; Tr.IV 30:2-9; Tr.V 17:15-19.

Mr. Nelson handwrote the skeletal Petitions and filed them with the Court, or delegated the preparation and filing to one of two friends, Ty and Sankore.  Tr.V 20:21-25; 24:11-25; 32:20-24; 33:20-21; 36:16-24.  The Petitions do not contain signatures, identification numbers or contact information for MVP, S&W, Mr. Balmacoon, Mr. Mullings, Mr. Nelson, or any other person involved in authorizing, preparing or filing the Petitions.  Exhibit 1. Mr. Nelson or his friends executed the Petitions by signing the Debtors' names.  Tr.V 29:17-21; 30:7-13.
 Mr. Mullings and Mr. Balmacoon claim that they had authorization from the Debtors to prepare, execute and file the Petitions on the Debtors' behalf by virtue of the Borrower Authorization that the Debtors signed.  Tr.I. 87:2-25; 88:2-6, 13-25; 89:2-15; 90:2-25; 91:2-25; 92:2-25; Tr.II 19:3-25; Tr.III 23:16-23; 37:3-24; Tr.V 22:25; 23:2-6; 25:6-14; 28:7-17; 34:21-25; 35:2-15; 37:3-24; Exhibit. 6.  Mr. Nelson claims that he understood that the Debtors authorized the filings.  *Id.*  Mr. Nelson filed hard copies of the Petitions over the counter with the Clerk of the Bankruptcy Court or delegated the filing to Ty and Sankore.  Tr.V 26:17-25; 32:20-24.   Mr. Nelson paid only $40.00 of the chapter 13 filing fee when he filed the Petitions and he never paid the balance of the filing fee.  Tr.III 21:12-25; Tr.V 25:23-25; 26:1-16.

None of the Debtors resides within the venue of the Bankruptcy Court for the Eastern District of New York.  Exhibit 1.  By the purported signatures of the Debtors on Page 3 of the Petitions, it was averred, under penalty of perjury, that the "[d]ebtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district."  *Id*.  The Petitions contained two addresses for the Debtors.  *Id*.  The Debtors' "Mailing Address[es]," are outside of the venue of this Court, in New Jersey, North Carolina, Illinois, New Mexico, Ohio and other states (the "Mailing Addresses").  The Petitions listed one

7

of four addresses in Queens and Long Island as the Debtors' "Street Address[es]" (the "Street Addresses").

The addresses in Queens are 132-06 133 Avenue, South Ozone Park, New York 11420 (the "133 Avenue Property"); 114-04 135 Street, South Ozone Park, New York 11420 (the "135 Street Property"); and 149-23 118 Street, South Ozone Park, New York 11420 (the "118 Street Property"). The address in Long Island is Biltmore Avenue, Elmont, New York 11003 (the "Biltmore Avenue Property"). Mr. Balmacoon resides at the 118 Street Property. Tr.III 11:20-23. Mr. Nelson resides at the 133 Avenue Property and formerly resided at the 135 Street Property. The owner of the Biltmore Avenue Property is SBNY Holdings, Inc. ("SBNY"), a New York corporation owned by Mr. Balmacoon's parents. Tr.III:11:20-23; 14:21-25; 15:1-2; 63:21-25; 64:1-7; Tr.V 9:10-11; 12:10-14.

MVP paid Mr. Balmacoon and S&W to prepare and file the Petitions, after Debtors paid MVP. Tr.I 10:14-16; Tr.III 47-50; 53:5-19; 54:10-14; 55:7-25; 58:6-13. Mr. Balmacoon paid Mr. Nelson to prepare and file the Petitions and to pay the filing fees. Tr.III 53:20-25; 54:2-9; Tr.V 25:23-25; 26:1-6, 23-25; 27: 2-14. MVP, S&W, Mr. Mullings, Mr. Balmacoon, and Mr. Nelson did nothing, other than file the Petitions, to assist the Debtors in resolving their foreclosures. Tr.II 21:15-25; 22:2-4; Tr.V 37:14-21; Tr.III 23:10-15.

### III.    ARGUMENT

####    A.    MVP, S&W, Mr. Mullings, Mr. Balmacoon, and Mr. Nelson are Bankruptcy Petition Preparers subject to the Provisions of 11 U.S.C. § 110.

Title 11 U.S.C. § 110 governs the activities of bankruptcy petition preparers ("BPPs"). Section 110(a) defines a bankruptcy petition preparer as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing" in a bankruptcy case. 11 U.S.C. § 110(a); *In re McDonald*, 318 B.R. 37, 43 (Bankr. E.D.N.Y. 2004). Under the

8

Bankruptcy Code, [t]he term person includes individual, partnership, and corporation . . . ." 11 U.S.C. § 101(41). If a corporation and its employees or principals receive money to prepare bankruptcy petitions, all of them considered bankruptcy petition preparers under Section 110. *See In re Rosario*, 493 B.R. 292, 328 (Bankr. D. Mass. 2013) (because both a corporation and its principal received compensation for preparing petitions, both of them are petition preparers subject to the requirements of Section 110). A person may be considered a BPP even if it does not receive funds directly from the debtor. *In re Gaftick*, 333 B.R. 177, 184 (Bankr. E.D.N.Y. 2004). A document for filing is a petition or any other document prepared by a debtor for filing with the bankruptcy court in connection with a bankruptcy case. 11 U.S.C. § 110(a)(2).

MVP, S&W, Mr. Mullings, Mr. Balmacoon, and Mr. Nelson are BPPs under Section 110. Mr. Balmacoon, Mr. Mullings and Mr. Nelson are not attorneys and MVP and S&W are not law firms. MVP and S&W are BPPs by virtue of the Consultant Service Agreement, which was a binding contract for S&W to prepare and file chapter 13 cases for MVP's clients. MVP received fees to file chapter 13 petitions under Stop the Sale Date from the Debtors, and S&W provided petition preparation services under the Consultant Service Agreement, which qualifies both of them as BPPs. MVP paid fees for preparing and filing the Petitions to Mr. Balmacoon personally, so Mr. Balmacoon, individually, is also a BPP. Mr. Mullings is a BPP because he received a share of the fees indirectly as the principal of MVP. Mr. Nelson was directly responsible for preparing the Petitions as an independent contractor of S&W, and he, too, is a BPP.

### B. The Defendants Violated 11 U.S.C. §§ 110(b), (d), (e)(1), (g), and (h)(2).

Under 11 U.S.C. § 110(b)(2)(A) and (B), a BPP is required to file with the Bankruptcy Court the Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer (the "BPP Notice"), which is signed by the Debtor under penalty of perjury, and the Declaration and Signature of

9

Non-Attorney Bankruptcy Petition Preparer the (the "BPP Declaration"). The Defendants did not file a BPP Notice or BPP Declaration in any of the Debtors' cases.

Under 11 U.S.C. § 110(b)(1), a BPP is required to sign and print the BPP's name and address on documents for filing. The Defendants did not comply with Section 110(b) in any of the Debtors' cases.

Under 11 U.S.C. § 110(c)(1) and (2), a BPP and each person that assisted with the preparation of documents for filing must print his or her social security number on all documents for filing. If the BPP is not an individual, an officer, principal, responsible party, or partner of the BPP must print his or her social security number on any documents for filing that the BPP prepared. The Defendants did not comply with this provision in any of the Debtors' cases.

Title 11 U.S.C. § 110(d) provides that no later than when the debtor signs a document for filing, a BPP must provide the debtor with a copy. The Defendants did not provide the Debtors with copies of their Petitions.

Under 11 U.S.C. § 110(g), a BPP shall not collect or receive any payment for court fees from or on behalf of the debtor. Here, MVP received fees from the Debtors. When MVP referred the cases to Mr. Balmacoon and S&W, MVP paid them a portion of the fee received from the Debtors. Mr. Balmacoon and S&W paid Mr. Nelson funds for his fees and a partial bankruptcy court filing fee and Mr. Nelson paid the filing fee when he filed the Petitions. These actions violate Section 110(g).

Under 11 U.S.C. § 110(h)(2), BPPs must file a Disclosure of Compensation of Bankruptcy Petition Preparer (the "Disclosure of Compensation"), disclosing under penalty of perjury, any fees received from, or on behalf of, the debtor, and any unpaid fee charged to the debtor. The Defendants did not file a Disclosure of Compensation in any of the Debtors' cases.

These violations of 11 U.S.C. §§ 110(b), (c), (d), (e)(1), (g), and (h)(2) warrant forfeiture of all fees the Defendants received from the Debtors under 11 U.S.C. § 110(h)(3)(A) and (B). The Court should also impose treble fines for each violation, as set forth in 11 U.S.C. §§ 110(l)(1).

### C.  The Defendants Violated 11 U.S.C. § 110(f).

Under 11 U.S.C. § 110(f), a BPP shall not use the word "legal" or any similar term in any advertisements. MVP uses the word "legal" in informational brochures disseminated to clients and potential clients. One brochure states that "[o]ur 'Stop the Sale Date Program" is handled by our experienced legal team. We start off by initiating a Chapter 13 bankruptcy and then dismissing it after 72 hours. Our attorney utilize [*sic*] the Chapter 13 within that 72 hour period to get an automatic stay. . . . With all of the systems in place our legal team will be able to keep a foreclosure sale at bay for up to 5-6 years." Exhibit 8. Neither MVP nor S&W, in fact, is a law firm or has an experienced legal team, a legal department, or legal staff, and Mr. Mullings, Mr. Balmacoon and Mr. Nelson are not lawyers.

### D.  The Defendants Have Engaged in Fraudulent, Unfair, and Deceptive Acts under 11 U.S.C. § 110(i).

"Fraudulent, unfair and deceptive acts" under Section 110(i) include many a variety of behaviors and actions. "[F]iling of skeletal chapter 13 petitions merely to thwart foreclosure" is a fraudulent, unfair and deceptive act. *In re Ali*, 230 B.R. 477, 484 (Bankr. E.D.N.Y. 1999). In *In re France*, 271 B.R. 748, 757 (Bankr. E.D.N.Y. 2002), the Court found fraudulent, unfair and deceptive acts where a BPP filed skeletal petitions solely to stay foreclosure, commenting that the BPP took "advantage of [his clients] to his pecuniary advantage without rendering any bona fide services to them."

Here, the Defendants not only filed skeletal petitions solely to stay foreclosure, they filed the Petitions without the Debtors' authorization, essentially forged the Debtors' signatures on the Petitions, and engaged in activities that constitute an abuse of the bankruptcy system. The Defendants' egregious actions warrant enjoining them from further acting as BPPs under 11 U.S.C. § 110(j)(1).

## IV.  CONCLUSION

Based on the foregoing, there is no genuine issue of material fact and the United States Trustee is entitled to judgment as a matter of law. The United States Trustee, therefore, requests that the Court

    A.    Direct the Defendants to forfeit of all fees they received from the Debtors under 11 U.S.C. § 110(h)(3)(A) and (B);

    B.    Impose treble fines for each violation of Sections 110(b), (d), (e)(1), (f), (g), and (h)(2), as set forth in 11 U.S.C. §§ 110(l)(1); and

    C.    Enjoin the Debtors from acting as BPPs under Section 110(j)(1).

Dated:  New York, New York
       March 24, 2016.

                          WILLIAM K. HARRINGTON
                          UNITED STATES TRUSTEE, REGION 2

                        By: */s/ Alicia M. Leonhard*
                            Alicia M. Leonhard (al-9928)
                            Trial Attorney
                            201 Varick Street, Suite 1006
                            New York, NY 10016
                            Telephone: 202.495.9929
                            Email: Alicia.M.Leonhard@usdoj.gov