UNITED STATES BANKRUPTCY COURT          **HEARING DATE: April 28, 2016**
EASTERN DISTRICT OF NEW YORK            **HEARING TIME:  1:00 p.m.**

--------------------------------------------------------  x

In re:                                          :    Case No. 14-70004-cec
                                                :    Case No. 14-41669-cec
RAMON NINA,                                     :
                                                :    (Chapter 13)
                          Debtor.               :
--------------------------------------------------------  x
In re:                                          :
                                                :
LORI CANNAN,                                    :    Case No. 14-70005-cec
                                                :
                                                :    (Chapter 13)
                          Debtor.               :
--------------------------------------------------------  x
In re:                                          :
                                                :    Case No. 14-70027-cec
WALTER L. TURNER,                               :
                                                :    (Chapter 13)
                          Debtor.               :
--------------------------------------------------------  x
In re:                                          :
                                                :    Case No. 14-70028-cec
JEFFREY B. ALEXANDER,                           :
                                                :    (Chapter 13)
                          Debtor.               :
--------------------------------------------------------  x
In re:                                          :
                                                :    Case No. 14-40074-cec
DIANE E. WILLIAMS,                              :
                                                :    (Chapter 13)
                          Debtor.               :
--------------------------------------------------------  x
In re:                                          :
                                                :    Case No. 14-40076-cec
INEZ R. TURRIETTA,                              :
                                                :    (Chapter 13)
                          Debtor.               :
--------------------------------------------------------  x
In re:                                          :
                                                :    Case No. 14-40147-cec
TAMARA D. JACKSON-BALL,                         :
                                                :    (Chapter 13)
                          Debtor.               :
--------------------------------------------------------  x

Reply Memorandum in Support of the United States Trustee's Motion for Summary Judgment

```
------------------------------------------------ x
In re:                                           :
                                                 :  Case No. 14-40184-cec
SORIE DUMBUYA,                                   :
                                                 :  (Chapter 13)
                        Debtor.                  :
------------------------------------------------ x
In re:                                           :
                                                 :  Case No. 14-40284-cec
NEKISHA E. ADEKOYA,                              :
                                                 :  (Chapter 13)
                        Debtor.                  :
------------------------------------------------ x
In re:                                           :
                                                 :  Case No. 14-40516-cec
ADRIAN D. BLACKWELL,                             :
                                                 :  (Chapter 13)
                        Debtor.                  :
------------------------------------------------ x
In re:                                           :
                                                 :  Case No. 14-40567-cec
ROBERT Q. WHITE,                                 :
                                                 :  (Chapter 13)
                        Debtor.                  :
------------------------------------------------ x
In re:                                           :
                                                 :  Case No. 14-41071-cec
BOBBY D. BLEVINS,                                :
                                                 :  (Chapter 13)
                        Debtor.                  :
------------------------------------------------ x
In re:                                           :
                                                 :  Case No. 14-41073-cec
DEBORAH SMITH                                    :
                                                 :  (Chapter 13)
                        Debtor.                  :
------------------------------------------------ x
In re:                                           :
                                                 :  Case No. 14-41116-cec
JOSE G. HIGUERA,                                 :
                                                 :  (Chapter 13)
                        Debtor.                  :
------------------------------------------------ x
```

```
-------------------------------------------------- x
In re:                                             :
                                                   : Case No. 14-41117-cec
MARCUS W. MULLINGS,                                :
                                                   : (Chapter 13)
                              Debtor.              :
-------------------------------------------------- x
In re:                                             :
                                                   : Case No. 14-41118-cec
SHERMAINE DONADELLE-MOORE,                         :
                                                   : (Chapter 13)
                              Debtor.              :
-------------------------------------------------- x
In re:                                             :
                                                   : Case No. 14-41214-cec
DAVID T. ZULLO,                                    :
                                                   : (Chapter 13)
                              Debtor.              :
-------------------------------------------------- x
In re:                                             :
                                                   : Case No. 14-41215-cec
CECILIA U. OQUENDO,                                :
                                                   : (Chapter 13)
                              Debtor.              :
-------------------------------------------------- x
In re:                                             :
                                                   : Case No. 14-41292-cec
GLENN NORMAN ROSS,                                 :
                                                   : (Chapter 13)
                              Debtor.              :
-------------------------------------------------- x
In re:                                             :
                                                   : Case No. 14-41446-cec
ARETHA C. JOHNSON,                                 :
                                                   : (Chapter 13)
                              Debtor.              :
-------------------------------------------------- x
In re:                                             :
                                                   : Case No. 14-41447-cec
GIL LAMAAR COLEY,                                  :
                                                   : (Chapter 13)
                                                   :
                              Debtor.              :
-------------------------------------------------- x
```

```
------------------------------------------------------- x
In re:                                                  :
                                                        :   Case No. 14-41448-cec
REGINA B. WESTBROOK,                                    :
                                                        :   (Chapter 13)
                            Debtor.                     :
------------------------------------------------------- x
In re:                                                  :
                                                        :   Case No. 14-41584-cec
DEBORAH J. LOFFER,                                      :
                                                        :   (Chapter 13)
                            Debtor.                     :
------------------------------------------------------- x
In re:                                                  :
                                                        :   Case No. 14-41585-cec
NATASHA CORREA,                                         :
                                                        :   (Chapter 13)
                            Debtor.                     :
------------------------------------------------------- x
In re:                                                  :
                                                        :   Case No. 14-41671-cec
DWAYNE C. SMITH,                                        :
                                                        :   (Chapter 13)
                            Debtor.                     :
------------------------------------------------------- x
In re:                                                  :
                                                        :   Case No. 14-41749-cec
ALLAN JAMES,                                            :
                                                        :   (Chapter 13)
                            Debtor.                     :
------------------------------------------------------- x
In re:                                                  :
                                                        :   Case No. 14-40703-cec
BOBBY BAILEY,                                           :
                                                        :   (Chapter 13)
                            Debtor.                     :
                                                        :
------------------------------------------------------- x
In re:                                                  :
                                                        :   Case No. 14-41747-cec
PARAMESVARM APPUTHURAI,                                 :
                                                        :   (Chapter 13)
                            Debtor.                     :
------------------------------------------------------- x
```

```
------------------------------------------------------- x
In re:                                                  :
                                                        :   Case No. 14-41699-cec
LILIA RAMIREZ,                                          :
                                                        :   (Chapter 13)
                     Debtor.                            :
------------------------------------------------------- x
WILLIAM K. HARRINGTON, UNITED                           :   Adv. Pro. Nos. 15-08230-cec
STATES TRUSTEE, REGION 2,                               :                  15-08231-cec
                                                        :                  15-08233-cec
                     Plaintiff,                         :                  15-08234-cec
                                                        :                  15-01100-cec
vs.                                                     :                  15-01101-cec
                                                        :                  15-01102-cec
MVP HOME SOLUTIONS, LLC, a New                          :                  15-01103-cec
Jersey limited liability company;                       :                  15-01104-cec
SILVERSTEIN & WOLF CORP., a New                         :                  15-01106-cec
York corporation; BOLDEN PINNACLE                       :                  15-01107-cec
GROUP CORP., a New York corporation;                    :                  15-01108-cec
FREE CALM & GROWING, a New York                         :                  15-01109-cec
sole proprietorship; MARCUS A.                          :                  15-01110-cec
MULLINGS, individually, and as founder and              :                  15-01111-cec
sole member of MVP Home Solutions, LLC;                 :                  15-01112-cec
AMAL M. BALMACOON, a/k/a MARTIN                         :                  15-01113-cec
BALMACOON, individually, as chief                       :                  15-01114-cec
executive officer and sole shareholder of               :                  15-01115-cec
Silverstein & Wolf Corp., and as sole                   :                  15-01116-cec
shareholder and owner of Bolden Pinnacle                :                  15-01117-cec
Group Corp.; JOHN NELSON, individually,                 :                  15-01118-cec
and as an agent for Silverstein & Wolf Corp.;           :                  15-01119-cec
DESSALINES SEALY, individually, as sole                 :                  15-01120-cec
proprietor of Free, Calm & Growing, and as              :                  15-01121-cec
agent for Bolden Pinnacle Group Corp.,                  :                  15-01122-cec
                                                        :                  15-01123-cec
                     Defendants.                        :                  15-01124-cec
------------------------------------------------------- x                  15-01125-cec
```

## THE UNITED STATES TRUSTEE'S REPLY MEMORANDUM
## IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT
## FILED ON FEBRUARY 29, 2016

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"),

hereby files his Reply Memorandum (the "Reply") in Support of his Motion for Summary

Judgment (the "Motion"), filed on February 29, 2016, in the above-captioned adversary

proceedings.  For his Reply, the United States Trustee respectfully represents and alleges as

follows:

## I.    INTRODUCTION

Defendants Silverstein & Wolf Corp. ("S&W"), Amal Balmacoon ("Mr. Balmacoon"),

and John Nelson ("Mr. Nelson") (collectively, the "Defendants") filed an objection to the Motion

on March 28, 2016 (the "Objection"), denying that they are bankruptcy petition preparers

("BPPs") under 11 U.S.C. § 110(a)(1).[1]  However, they have failed to establish the existence of

genuine issues of material fact under Federal Rule of Civil Procedure 56 and E.D.N.Y. Local

Bankruptcy Rule 56-1 because of procedural and substantive deficiencies.  The Defendants did

not file a statement of disputed material facts as required under E.D.N.Y. Local Rule 56-1, which

warrants overruling of the Objection in and of itself.  The Objection is generally ambiguous with

respect to which facts the Defendants are disputing, and it is devoid of case law and short on

citations to the record.  With respect to S&W, the alleged disputed material facts relate to the

validity of an agreement with MVP (the "Consultant Service Agreement"), under which S&W

prepared 30 skeletal chapter 13 petitions (the "Petitions") for MVP's clients.  However, S&W's

only citation to the record was irrelevant and it propounded legal theories but did not cite any

legal authority.  The Defendants also allege, with no citations to the record or law, that Mr.

Balmacoon was not a BPP because he did not actually prepare the Petitions, when under relevant

---

[1] Defendants MVP Home Solutions, LLC ("MVP") and Marcus A. Mullings ("Mr. Mullings") have failed to object or otherwise respond in writing to the Motion.  The United States Trustee, therefore, requests that the Court enter summary judgments against MVP and Mr. Mullings by default.

case law, the definition of BPP does not contain that limitation.  Finally, the Defendants admit that Mr. Nelson was a BPP but they suggest that any ruling be tempered by his honest belief that he had authority to prepare and file the Petitions.  The Defendants have failed to demonstrate any genuine issues of material fact, and the Court should, therefore, grant the Motion.

## II.    FACTS

Between January and April 2014, MVP referred 29 clients to S&W to file skeletal chapter 13 petitions (the "Petitions") for clients facing imminent foreclosure sales of their residences (the "Debtors").  Statement of Undisputed Material Facts ("Undisputed Facts"), ¶ 20, citing Tr.1 :62:11-15; 64:8-25; 76:2-25; 77:2-25: 80:6-11: and 81:2-25.[2]  MVP made the referrals directly to Mr. Balmacoon and provided him with copies of agreements between MVP and the Debtors, under which the Debtors agreed that "[m]y designated agent in fact is MVP Home Solutions, LLC.  I authorize said designee(s) to do whatever is reasonably and legally possible to avoid foreclosure . . . due to the hardship that I am experiencing" (the "MVP Authorization").  Undisputed Facts, ¶¶ 17, 19, 20, and 21, citing Exhibits 5-6 to the Declaration of Janease Clarke-Oliver Declaration, filed in support of the Motion (the "UST Declaration"); Tr.I 146:14-25; 147:2-25, 180:10-24; Tr.II 41:15-25; 42:1-6; Tr.I 62:11-15; 64:8-25; 76:2-25; 77:2-25; 80:6-11; 81:2-25; Tr.I 82:6-25; 83:9-25; 102:9-13; Tr.III 23:16-25; 24:8-19.  Mr. Balmacoon forwarded the referrals, MVP Authorization, and other documents to Mr. Nelson, an independent contractor of S&W, to prepare and file the Petitions.  Undisputed Facts, ¶ 22, citing Tr.III 17:15-25; 18:1-15; 19:12-23; Tr.V 21:7-12.  Mr. Nelson handwrote the Petitions and filed them with the Court, or delegated the preparation and filing to two other individuals, Ty and

---

[2] The record contains citations to five depositions: (1) the Depositions of Marcus Mullings held on May 1, and June 16, 2015 ("Tr.I" and "Tr.II," respectively); (2) the Depositions of Amal M. Balmacoon, held on January 23, and June 5, 2015 "Tr.III" and "Tr.IV," respectively; and (3) the Deposition of John Nelson, held on December 18, 2015 ("Tr.V").  Page and line numbers are cited as [page number]:[line numbers].  The transcripts and exhibits cited are attached to the Declaration of Janease Clarke-Oliver, filed with the Motion.

Sankore.  Undisputed Facts, ¶ 23, citing Tr.V 20:21-25; 24:11-25; 32:20-24; 33:20-21; and

36:16-24.  None of the Debtors lives within the venue of this Court.  Undisputed Facts, ¶ 24,

citing Exhibit 1 to the UST Declaration.  The Debtors did not sign the Petitions.  Undisputed

Facts, ¶ 26, citing Tr.V 30:14-16.  Mr. Nelson claims that he did not sign the Debtors' names on

the Petitions but that he had Ty and Sankore sign them.  Undisputed Facts, ¶ 27, citing Tr.V

29:17-21; and 30:7-13.  The Petitions do not contain signatures, identification numbers or

contact information for MVP, S&W, Mr. Balmacoon, Mr. Mullings, Mr. Nelson, or any other

person involved with the authorization, preparation and filing of the Petitions.  Undisputed Facts,

¶ 29, citing Exhibit 1 to the UST Declaration.  None of the Defendants contacted the Debtors

prior to filing the Petitions. Undisputed Facts, ¶ 30, citing Tr.I 141:9-25; 142:2-25; 143:25;

144:2-25; 145:2-25; Tr.II 20:17-21; Tr.III 29:14-25; and Tr.IV 30:2-9; Tr.V 17:15-19.  Mr.

Mullings, Mr. Balmacoon and Mr. Nelson claim that the MVP Authorization gave them

authority to file the Petitions on the Debtors' behalf.  Undisputed Facts, ¶ 28, citing Tr.I. 87:2-

25; 88:2-6, 13-25; 89:2-15; 90:2-25; 91:2-25; 92:2-25; Tr.II 19:3-25; Tr.III 23:16-23; 37:3-24;

Tr.V 22:25; 23:2-6; 25:6-14; 28:7-17; 34:21-25; 35:2-15; 37:3-24; and Ex. 6.

III.    **Argument**

     A.    **The Defendants Have Failed Meet the Summary Judgment Standard Set
forth in Federal Rule of Civil Procedure 56, E.D.N.Y. Local Bankruptcy Rule
7056-1, and Applicable Case Law.**

     Federal Rule of Civil Procedure 56, made applicable to adversary proceedings pursuant

to Federal Rule of Bankruptcy Procedure 7056, provides, in part, that:

> (a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A
> party may move for summary judgment, identifying each claim or defense — or
> the part of each claim or defense — on which summary judgment is sought. The
> court shall grant summary judgment if the movant shows that there is no genuine
> dispute as to any material fact and the movant is entitled to judgment as a matter

of law. The court should state on the record the reasons for granting or denying the motion.

    . . . .

 (c) PROCEDURES.

  (1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

   (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

   (B) showing that the materials cited do not establish the absence or presence of a genuine  dispute, or that an adverse party cannot produce admissible evidence to support the fact.

  (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

  (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

  (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters

    . . . .

 (e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

  (1) give an opportunity to properly support or address the fact;

  (2) consider the fact undisputed for purposes of the motion;

  (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

  (4) issue any other appropriate order.

Fed. R. Civ. P. 56.

Pursuant to Eastern District of New York Local Bankruptcy Rule 56.1,

    A motion for summary judgment pursuant to Bankruptcy Rule 7056 shall include a separate statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may be grounds for denial of the motion. The opposition to a motion for summary judgment shall include a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted by the opposing party unless controverted by the statement required to be served by the opposing party. Each statement of material fact by a movant or

opponent must be followed by citation to evidence which would be admissible,
set forth as required by Federal Rule of Civil Procedure 56(e).

E.D.N.Y. LBR 56.

A party opposing summary judgment must show that there is a genuine issue of material fact "that is, the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The party opposing summary judgment "must proffer admissible evidence that sets forth 'specific facts' showing a genuinely disputed factual issue that is material under the applicable legal principals." *Major League Baseball Properties, Inc. v. Salvino, Inc.,* 542 F.3d 290, 309 (2d Cir. 2008). The party must support an allegation of a factual dispute by "citing to particular parts of materials in the record [or] showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Zhenfang Liang, v. Café Spice*, 911 F. Supp. 184, 196 (E.D.N.Y. 2012). There must be "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby,* 477 U.S. at 249, *citing First National Bank of Arizona v. Cities Service Co*., 391 U.S. 253, 288-289 (1968). The nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby,* 477 U.S. at 249. A moving party's conclusory assertions do not constitute genuine issue of fact." *Major League Baseball Properties*, 542 F.3d at 309 (citations omitted). Rule 56 "cannot be properly applied without examining the substantive law applicable to the underlying litigation since that law dictates which facts are material in a given case." *Consarc Corp. v. Marine Midland Bank, NA*, 966 F.2d 568, 572 (2d Cir. 1993). The Court "must view the evidence in the light most favorable to the nonmoving party and must draw all inferences in

favor of that party." *The Sports Authority, Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 960 (2d Cir. 1996), *citing Hanson v. McCaw Cellular Communications, Inc.*, 77 F.3d 663, 667 (2d Cir. 1996.

The Defendants have failed to establish the existence of genuine issues of material fact which would warrant denial of the Motion.  The Objection contains numerous procedural and substantive deficiencies which are inconsistent with the requirements of Rule 56, and the Defendants have failed to comply with E.D.N.Y. LBR 56-1, which provides that "[t]he opposition to a motion for summary judgment shall include a separate statement of the material facts as to which it is contends that there exists a genuine issue to be tried."

The Objection is generally ambiguous as to which facts are in dispute, except as to Paragraphs 9-11 of the Undisputed Facts, which they describe as "untrue."  Objection, at 8.  The Defendants, however, have failed to cite legal any authority or relevant citations to the record to support their objections to Paragraphs 9-11.  In fact, except for three examples of questionable relevance, the Defendants have not provided citations to the record to support any facts, disputed or not, so that the Objection consists of little more than bare assertions or argument.  *See* Objection, at 7-8 and 9-10.  Based on the deficiencies in the Defendants' Objection to the Motion, the Court should consider the facts set forth in the Undisputed Facts to be undisputed, and grant the Motion on that basis.

**B.    S&W Was a BPP as defined under 11 U.S.C. § 110(a)(1).**

S&W raises am issue of fact with respect to Undisputed Facts, ¶¶ 9-11, stating that "[t]he following statements contained is [sic] the Trustees' statements of undisputed facts are untrue:

> 9.   On December 10, 2013, MVP, through Mr. Mullings, and S&W, through Mr. Balmacoon, entered into . . . . the [Consulting] Service Agreement for S&W to provide services related to MVP's foreclosure rescue business.

6

      10.  The [Consulting] Service Agreement was binding on both MVP and S&W.

      11.  Under the [Consulting] Service Agreement, S&W agreed, among other things, to stay foreclosure sales for MVP's clients, by filing skeletal chapter 13 bankruptcy petitions.

Objection, at 8.

      S&W asserts that it is not a BPP because (1) it was never a party to the Consultant Service Agreement; (2) it never worked with MVP; and (3) it did not receive any money from the Debtors and or take part in preparing the petitions.  *Id.* at 7-9.  S&W did not provide any legal authority or citations to the record in support of the contention that it was not a party to the Consultant Service Agreement.  Instead, it implies that the fact that S&W was a real estate investment company conclusively establishes that it had no business relationship with MVP, Mr. Mullings, or Mr. Nelson, and no involvement whatsoever in preparing the Petitions.  Objection, at 7-8, citing Tr.III 13:9-11.  This fact has no bearing on the issue and does not establish the existence of a disputed issue of material fact.

      Whether S&W was a party to the Consultant Service Agreement is an issue of contract law which will likely be dispositive of whether or not S&W was a BPP.  However, S&W has cited no legal authority in support of this argument, which is grounds, in and of itself, to overrule the Defendants' Objection.

      Federal and New York case law do not provide authority for S&W's contention that it was not a party to the Consultant Service Agreement.  The fact that S&W Financial, rather than S&W, was named in the Consultant Service Agreement does not relieve S&W of its contractual obligations.  Misnaming a party does not invalidate a contract unless there is a mistaken belief that there are two separate entities with similar names.  *Spanierman Gallery, PSP v. Love*, 320 F.Supp.2d 108, 112 (S.D.N.Y. 2004).  This type of technical error has no effect on the ability of

7

either party to enforce the terms of the contract.  *Id.  Cf. Wilton Reassurance Life Co. of New York v. Smith*, 2015 WL 631973, at *3 (E.D.N.Y. February 13, 2015) (a typographical error or misidentification of a beneficiary in an insurance policy may be corrected under equitable principals).

Mr. Balmacoon's testimony was that the original name of his new entity was S&W Financial.  He then changed the name to S&W, at the suggestion of the company he hired to prepare and file incorporation papers, and informed Mr. Mullings of the name change.  Tr. III: 106:13-25; and 107:2-12.  There was only one S&W and no one mistakenly believed that S&W and S&W Financial were separate entities:

> When Marcus and I first went into an agreement, the company name was supposed to be Silverstein & Wolf Financial, which is on the consulting agreement.  And after Direct Incorporation, the company who I went through to incorporate the company, called me back to say the name was available, we went into the agreement.  But when I called to make the arrangement, give them all my information, they said, are you a financial company or are you a bank or accounting firm, what are you?  I said I'm none of those.  I 'm just a real estate acquisition company.  And then she said, well, there's more scrutiny when it comes to that.  And I said, . . . can I change the name?  And the name changed to Silverstein & Wolf Corp. . . .  I told Marcus that I had to make a change to my company name.  Unfortunately, the agreement never got changed.

Tr.III:106:13-25; and 107:2-12.

S&W also alleges that it was not a party to the Consultant Service Agreement because it did not exist until it was officially incorporated on February 10, 2014, well after the execution of the Consultant Service Agreement on December 10, 2013.  Objection, at 9; and Exhibit 4 to the UST Declaration.  S&W's position is not consistent with New York law, which provides that a corporation will be bound by a contract, executed in its name prior to its formation, where it ratifies, adopts or accepts the contract after formation.  *Metro Kitchenworks Sales, LLC v. Continental Cabinets, LLC*, 820 NYS.2d 79, 80-81 (N.Y. App. Div. 2006).  *See also Torelli v.*

*Torelli*, 941 F. Supp. 36, 38 (S.D.N.Y. 1996) (a contract executed in the name of a New York corporation, but prior to the date the corporation is formally organized, is valid and binding if the corporation subsequently ratifies the contract). "Ratification need not be explicit; rather, it may be inferred from . . . acts performed in furtherance of the contract." *Prescient Acquisition Group, Inc. v. M.J. Pub. Trust*, 2006 WL 2136293, at *3 (S.D.N.Y. July 31, 2006). *See also In re Toscano*, 799 F. Supp. 230 (E.D.N.Y. 2011) (ratification is implied by, among other things, acquiescing, performing under, acting upon, or acknowledging a contract).

There is no legal basis for S&W's argument that the Consultant Services Agreement was void because Mr. Balmacoon and Mr. Mullings executed before S&W was incorporated. There is ample evidence in the record that S&W ratified the Agreement by performing its obligations and accepting payment. Mr. Balmacoon repeatedly held himself out as S&W and took action with respect to the Petitions as the principal or CEO of S&W. Tr.I 20:5-8; 24:2-25; 34:2-25; 36: 21-25; 37:1-14. He has admitted that S&W "was consultant to MVP." Tr.IV 9:57; 10:2-6. He testified that he and Mr. Mullings prepared the Consultant Service Agreement together. Tr.IV 59:10-18. He also admitted that Mr. Nelson filed the Petitions, as an independent contractor of S&W, on behalf of MVP, pursuant to Consultant Service Agreement. Tr.III 59:10-18; Tr.IV 18:25; and 19:2-6. Mr. Mullings testified that with respect to the Petitions, Mr. Balmacoon made clear he was doing business under the auspices of S&W. Tr. I:20:5-8; 22:13-15; 23:21-25. Mr. Mullings also testified that he did business with S&W, through Mr. Balmacoon, and not with Mr. Balmacoon individually. Tr.I 65:2-18.

There is no genuine issue of material fact as to whether S&W is a BPP. S&W failed to prove that it was not a party to the Consultant Service Agreement and there is ample evidence in

the record demonstrating that S&W was involved in arranging the preparation of the Petition under the Consultant Service Agreement.

### C.      Mr. Balmacoon Was a BPP as defined under 11 U.S.C. § 110(a)(1).

In the objection, Mr. Balmacoon claims that he acted in his individual capacity when he arranged for the preparation and filing of the Petitions.  Objection, at 6 and 9.  He has given inconsistent testimony as to whether MVP retained him or S&W.  He has testified that S&W provided services to MVP under the Consultant Service Agreement.  Tr.III 59:10-18; and Tr.IV 18:25; and 19:2-6.  He has also testified that he provided services to MVP in his individual capacity.  Tr. III:109:2-5; 110:17-25; and 11:2-6.  The inconsistencies are largely immaterial because he meets the definition of BPP under Section 110(a)(4) whether he acted in his individual capacity or on behalf of S&W.

Mr. Balmacoon admits that he received payments from MVP for services related to the preparation and filing of the chapter 13 cases.  *Id*. at 9.  He claims, however, that "I have no knowledge about bankruptcy" and he did not participate in the actual preparation of the petitions or give Mr. Nelson any instructions.  *Id*.  *See also* Tr.III:20:22-25; and 21:2-3.  Mr. Balmacoon maintains that he did not pay the filing fees or give Mr. Nelson money to pay them and he had no idea how the fees were paid.  *Id*. at 10 (citing Tr.III:12-20).  He concludes that because he did not actually prepare the petitions himself, he did not violate any provisions of Section 110 or commit any fraudulent, unfair, deceptive or malicious acts.  *Id*.  He admits that he retained Mr. Nelson to prepare the petitions as an independent contractor, not an employee, and Mr. Nelson "did the actual preparation of the petitions." *Id*.

The basis for Mr. Balmacoon's claim that he was not a BPP is that he only made "arrangements for the preparation of the petitions" and that "he did nothing in connection with

the actual preparation of the petitions." Objection, at 6 and 9.  He also claims that he did not receive payments directly from the Debtors or provide Mr. Nelson with funds to pay the filing fees.  Objection at 10.

Whether Mr. Balmacoon acted in his individual capacity or on behalf of S&W, he meets the definition of BPP under Section 110(a)(1).  A corporation or individual, acting on behalf of a corporation, may be considered a BPP.  *See In re Bowyer*, 489 B.R. 798, 815 (Bankr. N.D. Ind. 2013) (both the owner and the corporation were BPPs because they worked together to file, or assist in the filing of bankruptcy cases).  Moreover, the definition of BPP is not limited to persons who actually prepare and file the petitions.

> The fact that the person does not place the data and numbers on the form does not excuse that person from advising the court of their participation in the process of preparing the documents for filing with the bankruptcy court.  Neither does the fact that the person provides these services by computerized services excuse that person from revealing that person's role in the preparation of the documents.

*In re Jolly*, 313 B.R. 295, 300 (Bankr. N.D. Ohio 2004).  *See also In re Thomas*, 315 B.R. 697, 704 (Bankr. D. Ohio. 2004) (a corporation that provided software for debtors to prepare petitions was a BPP).

Moreover, a person does not have to receive direct payment from the debtor to be considered a BPP:

> The Bankruptcy Code does not require that the bankruptcy petition preparer receive payment directly from the debtor.  Here, the hearing evidence established that [the franchisee] forwarded a portion of the fees it received for services rendered to [the franchisor]. . . .  Accordingly, the Court finds that [the franchisor] is a BPP [with respect to petitions prepared by the franchisee].

*In re Gaftick,* 333 B.R. 177, 186 (Bankr. E.D.N.Y.  2005).

### D.    Mr. Nelson Was a BPP under 11 U.S.C. § 110(a)(1).

Mr. Nelson admits that he prepared and filed the petitions but states that he "operated merely as an independent contractor." *Id*. at 11.  He also describes the nature of the relationship between MVP, S&W, Mr. Mullings and Mr. Balmacoon and the procedures put in place to handle the petitions:

> The Debtors were clients of MVP and/or Mullings.  The Debtors signed Service Agreements with MVP and/or Mullings, but not any to [*sic*] either Balmacoon or Nelson.  MVP and/or Mullings made referrals <u>directly to Mr. Balmacoon</u> (consistent with the Consultation Agreement between Mullings and Balmacoon, *on behalf of Silverstein & Wolf Financial Corp.*) and provided him with expressed and documented authorization for and from each debtor.  Balmacoon, then, forwarded the referrals, including the authorizations and documents, to Nelson to prepare and file the petitions.

*Id*. (emphasis in original).

Mr. Balmacoon also claims that he did not give money to Mr. Nelson for the filing fees and that he did not know where Mr. Nelson got the money for the filing fees.  Tr.III 19:19-25; 20:12-20.  Mr. Nelson, on the other hand, testified that he paid the filing fee with funds he received from Mr. Balmacoon for preparing the Petitions.  Tr. V 25: 23-25; and 26:1-25.

Mr. Balmacoon and Mr. Nelson reiterate that neither of them contacted the Debtors prior to preparing and filing the petitions and Mr. Nelson had no contact whatsoever with MVP or Mr. Mullings.  *Id*. at 13.  They emphasize that the Debtors were clients of MVP and/or Mr. Mullings, and paid MVP's and/or Mr. Mullings' fees directly but the Debtors did not make any payments to S&W, Mr. Balmacoon, or Mr. Nelson.  Id. at 12-13.  Finally, Mr. Balmacoon and Mr. Nelson assert that they thought the petitions were lawful and authorized and neither of them acted with malicious intent.  *Id*.

Mr. Nelson is the clearest example of a BPP because and prepared and filed the Petitions and received payment for his services.  Under the facts, Mr. Balmacoon, on behalf of S&W,

forwarded information on the Debtor obtained from MVP, so that Mr. Nelson could prepare and

file the Petitions, as an independent contract to S&W.  Tr.III 17:15-25; 18:1-15; 19:12-23; Tr.V

21:7-12.  Mr. Nelson handwrote the skeletal petitions and filed them with the Court, or delegated

the preparation and filing to one of two friends.  Tr.V 20:21-25; 24:11-25; 32:20-24; 33:20-21;

36:16-24.  Mr. Balamacoon paid Mr. Nelson to prepare and file the Petitions and Mr. Nelson

used part of that money to pay the bankruptcy court filing fees.  Tr.III 21:12-25; Tr.V 25:23-25;

26:1-16 Tr.III 53:20-25; 54:2-9; Tr.V 25:23-25; 26:1-6, 23-25; 27: 2-14.

>        **E.    The Belief that the Petitions Were Authorized and Lawful Does Not Relieve
>               the Defendants of Liability under 11 U.S.C. § 110.**

The Defendants claim that their belief they had authorization to prepare and file the

Petitions absolves or mitigates their liability for violations of Section 110.  Objection, at 10.

They base this belief on MVP Authorization, which provides, in part,

> **MY DESIGNATED AGENT IN FACT IS MVP HOME SOLUTIONS, LLC.  I
> AUTHORIZE SAID DESIGNEE(S) TO DO WHATEVER IS REASONABLY
> AND LEGALLY POSSIBLE TO AVOID FORECLOSURE OR OTHERWISE
> HELP TO RENEGOTIATE MY LOAN WITH MY LENDER, WHETHER
> MY LOAN IS CURRENT OR DELINQUENT, DUE TO THE HARDSHIP
> THAT I AM EXPERIENCING.**

Exhibit 6 to the UST Declaration.

The Defendants erroneously claim that the MVP Authorization gave them authority to

file the Petitions on the Debtors' behalf.  Objection, at 10.  A general power of attorney may not

be used to file a petition on behalf of a debtor and there must be language in the power of

attorney that explicitly authorizes bankruptcy.[3]  *In re Curtis*, 262 B.R. 619, 623 (Bankr. D. Vt.

2001).

---

[3] The language of a power of attorney is not the only factor.  Other criteria include the debtor's ratification, the existence of exceptional circumstances, and whether the attorney in fact has personal knowledge of the debtor's financial condition."  *In re Curtis*, 262 B.R. 619, 623 (Bankr. D. Vt. 2001).

In this case, the language in the MVP authorization is too broad to be effective, and its purpose appears to be to allow MVP to renegotiate its clients' loans.  In any case, no power of attorney authorizes an attorney in fact to execute a document by signing a debtor's name.  The Defendants' mistaken belief does not excuse their violations of Section 110.

IV.    CONCLUSION

Based on the foregoing, the United States Trustee requests that the Court overrule the Objection and grant the Motion.

Dated:  Brooklyn, New York
        April 10, 2016.

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Alicia M. Leonhard*
     Alicia M. Leonhard (al-9928)
     Trial Attorney
     74 Chapel Street, Room 200
     Albany, NY 12207
     Telephone: 202.495.9929
     Email: Alicia.M.Leonhard@usdoj.gov